THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:09-CV-32-FL

| EVELYN DOVE COLEMAN, | ) | |
|---|---|---|
| Plaintiff/Claimant, | ) | |
| v. | ) | **MEMORANDUM AND RECOMMENDATION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

This matter comes before the court on the following motions: (1) *pro se* Plaintiff Evelyn Dove Coleman's ("Plaintiff") motion seeking remand to the Administrative Law Judge for De Novo Hearing[1] [DE-20]; (2) Defendant Social Security Administration's ("Defendant" or "Commissioner") Motion for Extension of Time [DE-21]; (3) Commissioner's Motion to Set Aside Judgment [DE-22]; (4) Commissioner's Motion to Dismiss for Lack of Jurisdiction [DE-24]; and (5) Plaintiff's Motion to Compel [DE-33]. The time for briefing has expired and the pending motions are ripe for adjudication. The parties have not consented to the jurisdiction of the magistrate judge; therefore, these motions are considered here as a recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Local Civil Rule 72.3(c). For the reasons set forth below, this court recommends denying Plaintiff's motion to remand and motion to compel, allowing Defendant's motion to set aside the judgment and motion to dismiss for lack of subject matter jurisdiction and denying as moot Defendant's motion for extension of time.

---

[1] Plaintiff's motion is in the form of a letter dated 2 September 2009. [DE-20].

# I. PROCEDURAL HISTORY

Plaintiff initiated this action by Complaint [DE-3] filed 27 February 2009 seeking judicial review of the Commissioner's decision not to reopen her prior applications for disability benefits under Title II, 42 U.S.C. § 405(g) and Title XVI, 42 U.S.C. § 1383(c)(3), of the Social Security Act ("the Act").[2] Plaintiff filed an Amended Complaint on 5 June 2009, stating she wished "[t]o obtain full SSA [d]isability [r]etroactive to my 1997 application."[3] [DE-14]. That same day, the Commissioner filed a motion to remand the case to the Social Security Administration ("SSA") for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g) because the recorded transcript of the administrative hearing held 9 September 2005 could not be located. [DE-15]. In its motion the Commissioner advised that if the recorded transcript could not be found within a reasonable time, the Appeals Council would remand the case to the ALJ for a *de novo* hearing. *Id.* On 12 June 2009, Plaintiff filed a Motion for Summary Judgment in which she asserts that the ALJ erred in denying her 1997 benefits claim based on her diagnosis of Meniere's Disease. [DE-16]. On 13 July 2009, the district court issued

---

[2] Plaintiff's complaint does not mention explicitly the phrase "disability insurance benefits" or its acronym "DIB" but rather requests court review of "the unfavorable ruling of [her] 1997 application for *SSA/SSI Disability*." Compl. at 1 [DE-3] (emphasis in original). Upon review of the complaint, which cites sections 405(g) and 1383(c), it is evident that "SSA/SSI Disability" refers to Plaintiff's applications for both DIB and Supplement Security Income ("SSI").

[3] Plaintiff's amended complaint is an identical copy of her original complaint with the handwritten addition of the above quoted statement. *See* Am. Compl. [DE-14]. In emphasizing her request that the court review only the Commissioner's decision not to reopen her prior application for DIB, Plaintiff encircled the "SSA" portion of all "SSA/SSI Disability" references appearing therein. *See* Am. Compl. [DE-14]. While the court's analysis therefore focuses only on Plaintiff's 1997 DIB application, its analysis is nonetheless applicable to Plaintiff's SSI claim which involves the same alleged onset date and same facts and issues. The judicial review provision under Title XVI expressly incorporates the judicial review provision of Title II. Accordingly, section 405(g) applies to judicial review under both Title II and Title XVI.

an order remanding the case to the Commissioner pursuant to sentence six and denying as moot Plaintiff's summary judgment motion. [DE-17]. In its remand order, the court directed the Appeals Council to continue to search for the missing recorded transcript and, if the recording could not be located within a reasonable period of time, the Appeals Council would remand the case to the Administrative Law Judge ("ALJ") for a *de novo* hearing. *Id.* A final judgment was entered by the Clerk of Court and the case was closed. [DE-18].

On 10 September 2009, Plaintiff submitted a letter to the court requesting that she be advised "whether there is a 'reasonable time' limit Judge Flanagan places on [the] S.S.A. to file their transcript or rule in favor of [Plaintiff's] motion for summary judgment." [DE-19]. Plaintiff's letter was docketed as a motion to remand the case to the ALJ for a *de novo* hearing. [DE-20].

On 18 September 2009, after having located and obtained the recorded administrative hearing transcript, the Commissioner filed a motion for extension of time to file an answer. [DE-21]. On the same date, the Commissioner moved to set aside the final judgment entered 13 July 2009. [DE-22]. Thereafter, on 16 October 2009, the Commissioner filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction [DE-24] to which Plaintiff responded on 22 October 2009. [DE-31]. In her response to the Commissioner's motion, Plaintiff requests that the court overturn the Commissioner's 1997 benefits decision. *Id.* On 11 December 2009, Plaintiff filed a motion to compel, requesting the court find that the Commissioner "made an error on the face" on a prior administrative decision and order the Commissioner to compensate Plaintiff for "the years of lost disability payments," and to begin paying Plaintiff "and her twin sons their SSA/SSI Disability benefits, retroactive to November 1997." [DE-33].

3

## II. STATEMENT OF FACTS

A. <u>Plaintiff's 1997 Application for Benefits</u>

Plaintiff filed an application for a period of disability and disability insurance benefits on 30 December 1997 and an application for SSI on 12 December 1997, alleging disability beginning 13 November 1997. Ex. 5 [DE-27 at 21]. Her claims were denied initially and upon reconsideration. Exs. 1-2 [DE-27 at 8, 12]. Subsequently, Plaintiff waived her right to appear at a hearing before an ALJ. Ex. 5 [DE-27 at 21]. On 10 February 1999, the ALJ issued a decision denying Plaintiff's request for benefits. Ex. 5 [DE-27 at 18-24]; [DE-28 at 1-2]. On 29 September 2000, the Appeals Council denied Plaintiff's request for review. Ex. 6 [DE-28 at 5]. Plaintiff did not seek judicial review of the Appeals Council's decision. Ex. 17 [DE-30 at 10].

B. <u>Plaintiff's 2000 Application for Benefits</u>

In August 2000, Plaintiff filed her second application for a period of disability, DIB and SSI. Ex. 7 [DE-28 at 9, 12]. The SSI claim was denied initially on 14 September 2000. Ex. 8 [DE-28 at 15]. The administrative transcript filed by the Commissioner in the present case does not contain any further documentation regarding Plaintiff's second application for DIB payments. Moreover, neither Plaintiff's complaint nor a declaration by Donald Ortiz ("Ortiz"), Acting Chief of Court Case Preparation and Review with the SSA, acknowledge Plaintiff's second DIB application. Decl. of Ortiz ¶ 5(c) [DE-27].

3. <u>Plaintiff's 2003 Application for Benefits</u>

On 5 August 2003, Plaintiff filed her third application for a period of disability, DIB and SSI. Ex. 9 [DE-28 at 20, 23]. Plaintiff's claims were denied initially and upon reconsideration. Exs. 10-13 [DE-28 at 29]; [DE-29 at 3, 8, 13]. In denying Plaintiff's DIB claim, the SSA

4

explained that Plaintiff "[did] not qualify for benefits because this application concerns the same issues which were decided when an earlier claim was denied." Ex. 10 [DE-28 at 29]. Subsequently, Plaintiff requested an administrative hearing based on the denial of her SSI claim only. [DE-29 at 16]. On 27 January 2006, the ALJ issued a decision in Plaintiff's favor, finding she had been disabled since 5 August 2003. [DE-29 at 27-31; DE-30 at 32-35]. Although the decision was issued based solely on Plaintiff's SSI claim filed 5 August 2003, the ALJ noted that the determination on Plaintiff's prior DIB application would not be reopened or revised because "new and material evidence ha[d] not been submitted and the evidence that was considered in making the determination [did] not clearly show on its face that an error had been made." [DE-29 at 20]. The ALJ stated further that the "determination on the prior [SSI] application has not been reopened because it was previously denied on the basis of *res judicata* and is therefore not reopenable [sic] in any event." *Id.* Subsequently, Plaintiff filed a request for review, which the Appeals Council denied on 8 September 2006. Ex. 16 [DE-30 at 5].

On 16 March 2006, Plaintiff requested "an in-depth review of her case." Ortiz Decl ¶ 5(i). On 5 October 2007, the SSA notified Plaintiff that her DIB claim would not be reopened, explaining as follows:

> Our records show that your disability application based on being disabled as of November 13, 1997, was denied through the Hearings appeal level. Our records show that an unfavorable decision was made February 10, 1999 by the [ALJ]. You had 60 days to question our decision or to present new evidence to have our findings overturned from the date of this notice. Since you failed to take advantage of the [SSA's] appeals process, this decision made in February 1999 is considered closed and final and we have no basis for reopening that claim. We cannot reopen our prior decision merely because you are now questioning the decision made.

5

Ex. 17 [DE-30 at 10]. On 10 August 2008, Plaintiff submitted another request for review of the ALJ's January 2006 decision, citing an "error on the face of the initial 1997 denial."[4] Ex. 17 [DE-30 at 15]. On 30 September 2008, the Appeals Council informed Plaintiff that it would take no action on Plaintiff's request because, pursuant to the agency's rules, an applicant is entitled to only one review of an ALJ's decision. Ex. 18 [DE-30 at 17]. Nonetheless, the Appeals Council vacated its prior denial of request for review of the ALJ's January 2006 decision in order to consider Plaintiff's arguments for reopening. Ex. 19 [DE-30 at 18]. On 24 February 2009, however, the Appeals Council denied Plaintiff request for review. *Id.* The Appeals Council denied also Plaintiff's request to reopen and change the final decision on Plaintiff's 1997 application, explaining

> [T]he [ALJ] already considered your request. The ALJ found that there was no basis to reopen the unfavorable decision dated February 10, 1999. Therefore, the issue of disability for the period through February 10, 1999, remains final. Insofar as you were last insured for a period of disability and [DIB] on September 30, 1998, the [ALJ] dismissed your current title II claim under the doctrine of res judicata. You have again asked the [Appeals] Council to reopen the prior final decision, but this issue has already been addressed by the [ALJ] and the [Appeals] Council finds no basis to change this part of the [ALJ's] decision. **Under our rules, you do not have the right to court review of the [ALJ's] denial of your request for reopening.**

---

[4] Plaintiff describes the error as a "medical denial," stating

> I proved, through the SSA Physician, that I am medically disabled and cannot work. From that SSA Physician's examination, I receive partial SSI disability. But I have no new disability from the point when I applied for the SSA/SSI Disability in November 1997. I was approved for SSI disability in 2003 based on the disability I was diagnosed for in 1997. Then, therefore, I was eligible for SSA/SSI disability when I applied in November 1997.
> . . .
> Please correct this ERROR and approve my 1997 Application for Disability based on my 1997 diagnoses . . . ."

Ex. 15 [DE-30 at 15] (emphasis in original).

6

Ex. 19 [DE-30 at 20] (emphasis in original).

On 27 February 2009, Plaintiff filed the present action, requesting court review of the unfavorable ruling of her 1997 applications for DIB and SSI based on her diagnosis of Meniere's Disease. Compl. at 1 [DE-3]. On 5 June 2009, Plaintiff filed an amended complaint, seeking "full SSA Disability [Insurance Benefits] retroactive to [her] 1997 application." Am. Compl. at 1 [DE-14].

### III. MOTION TO SET ASIDE JUDGMENT

As an initial matter, this court must address Defendant's request that the court set aside the final judgment entered in this case on 13 July 2009. [DE-18]. Defendant contends the judgment should not have been entered and the case closed as the court retained jurisdiction when the court remanded the matter pursuant to sentence six of 42 U.S.C. § 405(g). [DE-22]. Plaintiff has not responded to Defendant's motion.

Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b). Under Rule 60(b), the moving party must first demonstrate that it acted in a timely manner, has a meritorious claim and the opposing party will not suffer prejudice by having the judgment set aside. *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir.1993) (citing *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir.1987)). Once these elements have been met, the court must then determine whether the moving party has satisfied one of the enumerated grounds for relief under Rule 60(b). *Id.* at 266.

Here, the Commissioner moved to set aside the judgment on 18 September 2009, sixty-seven days after the Clerk of Court entered the judgment. The motion is timely under Rule 60,

which permits the filing of a motion to correct a mistake within one year of entry of judgment. FED. R. CIV. P. 60(c)(1). Additionally, the Commissioner's motion has merit as it is apparent that the Clerk of Court erred in entering a final judgment in this case as this court retained jurisdiction over the case consistent with remand under sentence six of 42 U.S.C. § 405(g). *See Robinson v. Sullivan*, 783 F. Supp. 245, 248 (E.D.N.C. 1991) (explaining remand "possessed an important component of a sentence-six remand in that the court intended to retain jurisdiction over the case during the pendency of the administrative proceedings . . . [as] the remand in this case was merely for 'further administrative action.'") (internal citation omitted); *Jackson v. Chater*, 99 F.3d 1086, 1089 (11th Cir. 1996) ("With a 'sentence-six remand' the district court retains jurisdiction and enters judgment after the remand proceedings are completed."); *Sucharski v. Astrue*, No. 08-C-0284, 2008 U.S. Dist. LEXIS 44817, at *3, 2008 WL 2367097, at *1 (E.D. Wis. June 9, 2008) (remanding case pursuant to sentence six and while retaining jurisdiction, administratively closing the case until completion of the proceedings on remand); *Gibson v. Astrue*, No. 1:08CV241-SA-DAS, 2009 U.S. Dist. LEXIS 41765, at *2, 2009 WL 1376623, at *1 (N.D. Miss. May 15, 2009) (remanding the case pursuant to sentence six, retaining jurisdiction of the case and notifying parties that it will not enter a final judgment until after post-remand proceedings are completed). Finally, Plaintiff is not prejudiced by setting aside the judgment. In response to the Commissioner's motion to dismiss [DE-31] and in her own motion to compel [DE-33], Plaintiff asks the court to overrule the ALJ's decision denying her 1997 disability benefits application, a ruling the court could only reach by first setting aside the final judgment.

Judgments have been set aside under Rule 60(b)(1) where they were the result of mistake or confusion regarding the procedural posture of the case. *See* 11 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice & Procedure* Civil 2d § 2858 (collecting cases). The Fourth Circuit has suggested, but not decided, that "mistake" encompasses a "mistake of law by the court itself apparent on the face of the record . . . ." *Compton v. Alton S.S. Co.*, 608 F.2d 96, 104 (4th Cir. 1979); *see also Malagrida v. Holland*, 19 F.3d 1429 (table), No. 93-1381, 1994 U.S. App. LEXIS 5158, at *11-12, 1994 WL 89336, at *4 (4th Cir. 1994) (unpublished) (explaining the Fourth Circuit has yet to address the issue and finding that the case before the court did not require a decision on the issue). As the *Malagrida* court noted, other circuits are split on this issue: the First and Seventh Circuits require errors of law to be handled on appeal; the Ninth Circuit permits errors of law to be addressed under Rule 60(b)(1); and the Sixth and Second Circuits take the middle ground, permitting errors of law to be corrected under Rule 60(b)(1) if the motion is made within the time for appeal of the final judgment. *See Malagrida*, 1994 U.S. App. LEXIS 5158, at *11-12, 1994 WL 89336, at *4. The Fourth Circuit has stated, however, that "[w]here the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b)." *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982) (noting "the word 'mistake' in Rule 60(b) has indeed been read to include mistakes by the court" but not ruling on the Fourth Circuit's position).

Here, the Clerk of Court mistakenly entered a final judgment on the court's remand order. The exclusive methods by which a district court may remand a social security case are set forth in sentence four and sentence six of § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). Under sentence four, a district court may remand for further proceedings in conjunction with "a

9

Case 4:09-cv-00032-FL   Document 38   Filed 05/28/10   Page 9 of 16

judgment affirming, modifying, or reversing the decision of the Commissioner." 42 U.S.C. § 405(g). Thus, a sentence four remand constitutes a final decision on the merits of the case. *See Richmond v. Chater*, 94 F.3d 263, 268 (7th Cir. 1996); *accord Jackson*, 99 F.3d at 1089. Under sentence six, however, the district court does not rule on the merits but rather retains jurisdiction over the case and remands to allow the SSA to reconstruct the record and/or consider new evidence. *Richmond*, 94 F.3d at 268; *accord Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (explaining "[t]he district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination"). "Once that process is complete, the matter returns to the district court, if necessary, for a decision on the merits." *Acevedo v. Barnhart*, 474 F. Supp. 2d 1001, 1004 (E.D. Wis. 2007).

The court entered an order on 10 July 2009, remanding this matter to the Commissioner for further administrative proceedings pursuant to sentence six and denying as moot Plaintiff's motion for summary judgment. The court's order did not direct the entry of a final judgment in this matter, but rather directed that remand was pursuant to sentence six. [DE-17]. The Clerk of Court entered a final judgment thereby closing the case which, based on the face of the court's order, was done in error. *See Jackson*, 99 F.3d at 1089. There is no question that the court retained jurisdiction as the remand was pursuant to sentence six. *See e.g., Sucharski*, 2008 U.S. Dist. LEXIS 44817, at *3, 2008 WL 2367097, at *1; *Gibson*, 2009 U.S. Dist. LEXIS 41765, at *2, 2009 WL 1376623, at *1. Accordingly, it is recommended that the final judgment entered by the Clerk of Court closing the case be set aside.

10

Case 4:09-cv-00032-FL Document 38 Filed 05/28/10 Page 10 of 16

## IV. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant has moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the basis that there has been no final decision of the Commissioner as required under section 205(g) of the Act, 42 U.S.C. § 405(g). [DE-24].

1. <u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the court lacks subject matter jurisdiction. When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, the burden of proving subject matter jurisdiction rests with the plaintiff. *Richmond, Fredericksburg & Potomac R. Co. (Richmond) v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A party may attack the subject matter jurisdiction of the court on the grounds that the complaint fails to allege facts upon which subject matter jurisdiction can be based, or on the grounds that the jurisdictional facts alleged in the complaint are untrue. *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A district court should allow a Rule 12(b)(1) motion to dismiss only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond*, 945 F.2d at 768 (citing *Adams*, 697 F.2d at 1219).

## 2. Subject Matter Jurisdiction and Reopening of Prior DIB Decision

Plaintiff asserts that this court has subject matter jurisdiction over the present dispute pursuant to section § 405(g) of the Act. Federal courts are courts of limited jurisdiction and it is presumed that a federal court lacks jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiff bears the burden of proving the existence of subject matter jurisdiction. *See Evans*, 166 F.3d at 647.

As a general matter, district courts do not have jurisdiction over the Secretary's refusal to reopen a claim, since such a refusal is not a "final decision" within the meaning of § 405(g). *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977). Instead, an administrative decision refusing to reopen an earlier application ordinarily is considered an interim decision not reviewable under § 405(g). *See* 20 C.F.R. § 404.900(a)(5) (defining a final decision for purposes of judicial review as an initial determination that has been pursued through the remaining steps of the administrative review process); 20 C.F.R. § 404.903(l) (noting a denial of a request to reopen a determination is not a initial determination and is thus not subject to judicial review). Nevertheless, the court has subject matter jurisdiction to review the Commissioner's decision not to reopen a prior application that otherwise would be barred by *res judicata* in two limited circumstances: (1) a colorable constitutional claim is raised, *see Sanders*, 430 U.S. at 109; *Young v. Bowen*, 858 F.2d 951, 954 (4th Cir. 1988); or (2) when the Commissioner, in denying a petition to reopen an earlier application, addresses the merits of that claim, thereby constructively reopening the prior application. *See McGowen*, 666 F.2d at 65-66.

Case 4:09-cv-00032-FL   Document 38   Filed 05/28/10   Page 12 of 16

Here, Plaintiff does not allege a constitutional violation nor does she claim that, in adjudicating this matter, the Commissioner reconsidered Plaintiff's first claim on the merits. Rather, Plaintiff asserts that "error on the face of the decision" permits the reopening of her 1997 DIB claim and accordingly, requests the court to reverse the ALJ's February 1999 final determination denying Plaintiff's 1997 request for benefits.[5] See Am. Comp. ¶ 9 [DE-14]; Mot. to Compel at 1 [DE-33]; Ex. 17 [DE-30 at 15-16]. The SSA may, on its own initiative or on the suggestion of the plaintiff, choose to reopen a prior determination.[6] 20 C.F.R. § 404.987(b) (DIB); see also 20 C.F.R. § 416.1487(b) (SSI). However, "[t]he Social Security Act does not authorize judicial review of a decision by the Secretary refusing to reopen a claim for benefits."

---

[5] The "error," as identified by Plaintiff, appears to be the Commissioner's failure to consider the opinion of Dr. Ahmed, a state agency examining physician. See Mot. to Compel at 1 [DE-33] (explaining "[t]he physician the SSA paid to examine Plaintiff both confirmed Plaintiff's diagnosis [of Meniere's Disease] and determined that Plaintiff cannot work"); see also Ex. 17 [DE-30 at 15-16] (explaining to Commissioner that Plaintiff "proved, through the **SSA Physician**, that I am medically disabled and cannot work") (emphasis in original). No opinion evidence by Dr. Ahmed appears in the record and nor is Dr. Ahmed's opinion referenced in any of the decisions by the ALJ or Appeals Council.

[6] The regulations provide the following conditions under which the Commissioner may reopen a previous determination or decision, either on its own initiative or at a claimant's request. First, an agency determination or decision made during the administrative review process may be reopened by the SSA within twelve months of the decision for any reason. 20 C.F.R. § 404.988(a) (DIB); see also 20 C.F.R. § 416.1488(a) (SSI). If more than 12 months have elapsed, a DIB decision may be reopened for "good cause" within four years of the date of the notice of the initial determination. 20 C.F.R. § 404.988(b); cf. 20 C.F.R. § 416.1488(b) (explaining SSI decision may be reopened within two years for "good cause"). If more than four years have elapsed, a DIB decision may still be reopened - at any time - for any of eleven reasons, including "error that appears on the face of the evidence that was considered when the [wholly or partially unfavorable] determination or decision was made." 20 C.F.R. § 404.988(c)(8); but see 20 C.F.R. § 416.1488(c) (explaining SSI decision may reopened at any time only if obtained "by fraud or similar fault"). In the ALJ's January 2006 application, the ALJ noted that Plaintiff's 1997 DIB application would not be reopened, inter alia, because "the evidence that was considered in making the determination [did] not clearly show on its face that an error had been made." Ex. 15 [DE-29 at 20]. On 24 February 2009, the Appeals Council affirmed the ALJ's decision. Ex. 19 [DE-30 at 20].

13

*Burks-Marshall v. Shalala*, 7 F.3d 1346, 1348-1349 (8th Cir. 1993) (*quoting Brown v. Sullivan*, 932 F.2d 1243 (8th Cir. 1991) ("Because a petition to reopen a prior claim may be denied without a hearing, it does not constitute a 'final decision of the Secretary' subject to judicial review within the meaning of the Act") (citing *Califano*, 430 U.S. 99)).

"Since the Secretary refused to reopen the [1997] case[]," this court "lack[s] jurisdiction to order such an action, even if it [] appear[s], on the face of the evidence, that the refusal was in error." *Id.* at 1349; *see also Devereaux v. Chater*, No. 95-1196, 78 F.3d 597 (table), 1996 U.S. App. LEXIS 3949, at *6, 1996 WL 98956, at *2 (10th Cir. Mar. 7, 1996) (rejecting plaintiff's allegation that the ALJ should have reopened a prior application "because there must have been an error on the face of the evidence" because the argument "[did] not raise constitutional issues"); *cf. Kasey v. Sullivan*, 3 F.3d 75, 79 (4th Cir. 1993) (citation omitted) (dismissing plaintiff's contention that his past claims should be reopened based on "error on the face of the evidence" because such an error "does not encompass a disputed issue of fact since, almost as a matter of definition, when facts are in dispute no single answer is evident."). Since there has been no final decision within the meaning of Section 205(g) of the Act, there is no jurisdictional basis for judicial review. Since Plaintiff's Motion to Compel [DE-33] is a request that the court order the Commissioner to reopen Plaintiff's 1997 Application, it is recommended that Plaintiff's motion to compel be DENIED in light of the court's recommendation regarding Defendant's motion to dismiss.

## V. MOTION TO REMAND

Plaintiff's motion to remand is in the form of a handwritten letter requesting the court advise as to "whether there is a 'reasonable time' limit Judge Flanagan places on S.S.A. to find

14

their transcript or rule in favor of my Motion for Summary Judgment [DE-16], please." [DE-20]. In light of Defendant's submission of the administrative transcript on 19 October 2009 and the court's recommendation as to Defendant's motion to dismiss, it is recommended that Plaintiff's motion to remand be DENIED.

## VI. MOTION FOR EXTENSION OF TIME

On 18 September 2009, Defendant moved for an extension of time for thirty days to file an answer to Plaintiff's complaint. [DE-21]. Thereafter, on 16 October 2009, Defendant filed a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure in lieu of a responsive pleading. [DE-24]. In light of the court's recommendation as to Defendant's motion to dismiss as set forth above, it is recommended that Defendant's motion for extension of time be DENIED AS MOOT.

## CONCLUSION

For the foregoing reasons, this court recommends that Defendant's motions to set aside judgment [DE-22] and to dismiss for lack of subject matter jurisdiction [DE-24] be ALLOWED. The court recommends further that Plaintiff's motion to remand [DE-20] and motion to compel [DE-33] be DENIED and Defendant's motion for extension of time [DE-21] DENIED AS MOOT.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days upon receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and Recommendation and,

except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 27th day of May, 2010.

*[signature]*
Robert B. Jones, Jr.
United States Magistrate Judge