IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:09-CV-32-FL

| | |
|---|---|
| EVELYN DOVE COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter, wherein plaintiff proceeds *pro se*, comes now before the court upon five motions: (1) plaintiff's motion seeking remand to the Administrative Law Judge ("ALJ") for *de novo* hearing (DE #20); (2) defendant's motion for extension of time (DE # 21); (3) defendant's motion to set aside judgment (DE # 22); (4) defendant's motion to dismiss for lack of jurisdiction (DE # 24); and (5) plaintiff's motion to compel (DE # 33). On May 28, 2010, United States Magistrate Judge Robert B. Jones, Jr. entered a memorandum and recommendation ("M&R") pursuant to 28 U.S.C. § 636(b)(1), wherein he recommended the court deny plaintiff's motion to remand and motion to compel, grant defendant's motion to set aside judgment and motion to dismiss for lack of subject matter jurisdiction, and deny as moot defendant's motion for extension of time (DE # 38). Plaintiff

filed objections to the M&R, and defendant has responded.[1] In this posture, the issues raised are ripe for adjudication. For the reasons that follow, the court overrules plaintiff's objections, adopts the M&R, and dismisses this action.

**STATEMENT OF THE CASE**

Plaintiff does not object to the facts as set forth by the magistrate judge, but a recitation of the key facts compelling the result in this case is warranted. On February 27, 2009, plaintiff filed complaint in this court seeking judicial review of defendant's decision not to reopen her prior applications for disability benefits under Title II, 42 U.S.C. § 405(g) and Title XVI, 42 U.S.C. § 1383(c)(3) of the Social Security Act ("the Act"). Plaintiff amended her complaint on June 5, 2009 "[t]o obtain full SSA [d]isability [r]etroactive to my 1997 application." (Am. Compl. 1.)

Plaintiff's 1997 application for disability insurance benefits ("DIB") and supplemental security income ("SSI") was denied initially and upon reconsideration. On February 25, 1998, plaintiff filed a request for reconsideration of both claims, which was denied. On February 10, 1999, an ALJ found that plaintiff was not disabled or entitled to DIB and was not eligible for SSI. The Appeals Council denied plaintiff's request for review on September 29, 2000.

Plaintiff did not seek judicial review of the Appeals Council's decision. She was notified that because she "failed to take advantage of the Administration's appeals process the decision made in February 1999 is considered closed and final and [the Administration] ha[s] no basis for reopening that claim." (See Ortiz Decl. Ex. 17 at 10.) Because "a timely appeal was not made in

---

[1] Plaintiff's objections are titled "Objections and Motion." (See DE ## 39, 41, 43.) In substance, these are objections and are interpreted as such. They seek the same relief sought in plaintiff's previously filed motions, which were addressed by the magistrate judge. Accordingly, the filings at docket entries thirty-nine, forty-one, and forty-three (DE ## 39, 41, 43) are construed as objections to the M&R, not as motions.

2

1999 the prior decision that [plaintiff] w[as] not disabled beginning in November 1997 has to remain." (Id. at 11.)

Thereafter, plaintiff filed two more applications for disability, one in August 2000 and another on August 5, 2003. Plaintiff's 2003 application for DIB and SSI was denied initially and upon reconsideration. Defendant explained that plaintiff "[did] not qualify for benefits because this application concerns the same issues which were decided when an earlier claim was denied." (Ortiz Decl. Ex. 10 at 29.) Plaintiff requested an administrative hearing based on the denial of her SSI claim only. On January 27, 2006, the ALJ found that plaintiff had been disabled since August 5, 2003, and awarded her SSI benefits only. The ALJ also noted that the determination on plaintiff's prior DIB application would not be reopened or revised because "new and material evidence ha[d] not been submitted and the evidence that was considered in making the determination [did] not clearly show on its face that an error had been made." (Ortiz Decl. Ex. 15 at 1.) The ALJ further explained that the "determination of the prior [SSI] application has not been reopened because it was previously denied on the basis of res judicata and is therefore not reopenable [sic] in any event." (Id.) Plaintiff then filed a request for review, which the Appeals Council denied on September 8, 2006.

On March 16, 2006, plaintiff requested that her claim be reopened, which request was denied by letter dated October 5, 2007. The letter further informed plaintiff that her DIB application was denied at the administrative level on February 10, 1999, and that she had sixty (60) days from that date to appeal the determination. "Since [plaintiff] failed to take advantage of the appeals process, this decision made in February 1999 is considered closed and final and [defendant has] no basis for reopening that claim." (Ortiz Decl.Ex. 17 at 10.)

3

Case 4:09-cv-00032-FL    Document 46    Filed 09/09/10    Page 3 of 10

Citing an "error on the face of the initial 1997 denial," plaintiff submitted another request for review of the ALJ's January 2006 decision finding her disabled, but declining to reopen her claim for DIB. (Ortiz Decl. Ex. 17 at 15.) Plaintiff acknowledged that the January 2006 decision provided her with "partial SSI disability," but argued that it also should have provided her with benefits dating back to her initial 1997 application for benefits. (Ortiz Decl. Ex. 15 at 15.) The Appeals Council denied plaintiff's request for reopening the determination on February 24, 2009. The Appeals Council explained that the ALJ had already found there was no basis to reopen the February 10, 1999 decision finding that she was not disabled or entitled to benefits. Plaintiff was informed that "[u]nder [the Social Security Administration's] rules, you do not have the right to court review of the [ALJ's] denial of your request for reopening." (Ortiz Decl. Ex 19 at 3.)

## DISCUSSION

A.   Standards of Review

The court must uphold the factual findings of the Commissioner "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing the Commissioner's decision, the court does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589. Thus, "[e]ven if [it] disagrees with the Commissioner's decision, the court must uphold [that

4

decision] if it is supported by substantial evidence." Grant v. Astrue, 574 F. Supp. 2d 559, 562 (E.D.N.C. 2008) (citing Hays v. Sullivan, 907 F.3d 1453, 1456 (4th Cir. 1990)). "A denial of benefits is not supported by substantial evidence if the ALJ 'has [not] analyzed all evidence and ... sufficiently explained the weight he has given to obviously probative exhibits.'" Shoulars v. Astrue, 671 F. Supp. 2d 801, 805 (E.D.N.C. 2009) (quoting Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984)).

To assist it in determining whether the Commissioner's decisions are supported by substantial evidence and were reached through application of the correct legal standard, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations," which the court may "accept, reject, or modify, in whole or in part . . . ." 28 U.S.C. § 636(b)(1)(B), (C). Where a party objects the magistrate judge's disposition, the district court reviews *de novo* those portions of the M&R to which specific objections are filed. Id. Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (noting that *de novo* review is unnecessary where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations").

Under Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the

5

pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Evans v. B. F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

      B.      Analysis

Plaintiff objects to the M&R in her filings titled "Objections & Motion," but fails to specify what "portions of the report or specified proposed findings or recommendations" she finds objectionable. 28 U.S.C. § 636(b)(1). Because plaintiff is proceeding *pro se*, however, the court construes her objections liberally. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). In substance, her objections appear to address only the recommendation as to defendant's motion to dismiss. Accordingly, the court reviews *de novo* only the magistrate judge's recommendations as to this court's subject matter jurisdiction.

      1.      Defendant's Motion to Set Aside Judgment

The court must first address defendant's motion to set aside the judgment entered July 13, 2009. Plaintiff does not appear to object to this specific recommendation, which is procedural in nature, and in fact allows the court to address each party's other motions. As such, and for the reasons explained more particularly in the M&R, defendant's motion to set aside the judgment is GRANTED.

      2.      Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Plaintiff's Motion to Compel

Defendant moves to dismiss the complaint for lack of subject matter jurisdiction, contending that there has been no final decision of the Commissioner as required by § 405(g). The magistrate

6

judge recommends granting this motion, while plaintiff argues it should be denied because the initial denial of her 1997 application was plain error. Plaintiff further requests that the court compel the Commissioner to reopen her 1997 application.

Only after a "final decision" may a claimant obtain judicial review in federal court. See 42 U.S.C. § 405(g). Generally, a federal court does not have jurisdiction over the Commissioner's refusal to reopen a claim, as such a refusal is not a "final decision." Califano v. Sanders, 430 U.S. 99, 107-09 (1977). Rather, a determination to not reopen an earlier application is generally considered an interim decision not reviewable under § 405(g). See 20 C.F.R. § 404.900(a)(5); 20 C.F.R. § 404.903(l). Reopening of such a claim is generally barred by the doctrine of *res judicata*. See McGowen v. Harris, 666 F.2d 60, 65-66 (4th Cir. 1981)

There are two limited exceptions to this rule. A court has subject matter jurisdiction to review the Commissioner's determination not to reopen a prior application when (1) a colorable constitutional claim is raised, or (2) the Commissioner addresses the merits of a prior application when denying a petition to reopen that application, thereby constructively reopening the prior application. See Sanders, 430 U.S. at 108; McGowen, 666 F.2d at 65-66. Section 405(g) "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits." Sanders, 430 U.S. at 107-08. "Indeed, the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the Secretary's regulations and not by the Social Security Act." Id. at 108. The opposite interpretation "would frustrate the congressional purpose, plainly evidenced in [§ 405(g)], to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." Id.

7

In response to defendant's motion to dismiss, plaintiff did not allege a constitutional violation or claim that the Commissioner reconsidered her 1997 DIB application on the merits. Instead, plaintiff alleges that "error on the face of the decision" permits reopening of her 1997 application for DIB. Plaintiff's motion to compel references the "physician the SSA paid to examine Plaintiff," who plaintiff identifies as "Dr. Ahmed." (Pl.'s Mot. Compel.) No opinion evidence from Dr. Ahmed appears in the record, nor was any opinion from Dr. Ahmed referenced at the administrative level. Plaintiff later submitted an evaluation taken by Dr. Johnson P. Draughton on November 17, 2005 to support her claim. Above Dr. Draughton's name and professional information, "Dr. Ahmed and" has been handwritten. (See Pl.'s Mot. Compel Ex. A.)

Plaintiff objects to the magistrate judge's recommendation by pointing to "Dr. Ahmed's medical opinion," which "prov[es] that the earlier unfavorable ruling was an [e]rror on the [f]ace of . . . Plaintiff's 1997 application for DIB." (Pl.'s Objs.) Plaintiff then concludes that "[t]here has been a violation of [c]onstitutional law; and, by [a]djudicating this matter, the . . . Commissioner of SSA . . . reconsidered Plaintiff's first claim on the merits." (Pl.'s Objs.) Plaintiff did not raise these arguments until the magistrate judge issued the M&R.

Where these arguments were not raised before the M&R was issued, it appears that plaintiff raises them now only in an attempt to provide this court with subject matter jurisdiction. Such a *pro forma* allegation, without more, is insufficient to establish a colorable constitutional claim or that the Commissioner reconsidered the merits of plaintiff's 1997 application. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 83-84, 89 (1998) (holding a claim that "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" does not provide subject matter jurisdiction). In substance, plaintiff argues that the initial denial of her 1997 DIB application

8

was plain error. For the reasons stated herein, and those stated by the magistrate judge, this court lacks jurisdiction to decide plaintiff's claim. (See M&R at 12-14.) Plaintiff's argument that defendant "voluntarily subjected" itself to the jurisdiction of this court is similarly unavailing, as defendant's consent does not provide a basis for subject matter jurisdiction. Thus, defendant's motion to dismiss is GRANTED, and plaintiff's motion to compel is DENIED.

      3.      Plaintiff's Motion to Remand

Plaintiff's motion to remand is now mooted by defendant's submission of the administrative transcript and the court's grant of defendant's motion to dismiss. In addition, plaintiff does not appear to object to this recommendation in the M&R. Accordingly, plaintiff's motion to remand is DENIED.

      4.      Defendant's Motion for Extension of Time

In light of the court's recommendation that defendant's motion to dismiss be granted, and the lack of a specific objection to this recommendation in the M&R, defendant's motion for extension of time to file answer to plaintiff's complaint is DENIED as moot.

## CONCLUSION

For the foregoing reasons, upon a thorough review of the facts and relevant case law, and after *de novo* review of plaintiff's objections, the court ADOPTS the magistrate judge's recommendations as its own (DE # 38), and overrules plaintiff's objections (DE ## 39, 41, 43).[2] Accordingly, plaintiff's motion to remand (DE # 20) is DENIED, defendant's motion for extension of time (DE # 21) is DENIED as moot, defendant's motion to set aside judgment (DE # 22) is

---

[2] As explained in footnote two above, plaintiff's filings at docket entries forty-one and forty-three (DE ## 41, 43) are construed as objections to the M&R rather than motions.

GRANTED, defendant's motion to dismiss (DE # 24) is GRANTED, and plaintiff's motion to compel (DE # 33) is DENIED. The clerk is DIRECTED to close the case.

SO ORDERED, this the 9th day of September, 2010.

_____
LOUISE W. FLANAGAN
Chief United States District Court Judge