IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:09-CV-32-FL

| | |
|---|---|
| EVELYN DOVE COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter, wherein plaintiff proceeds *pro se*, is before the court on plaintiff's motions to reconsider (DE # 49, 50). Plaintiff asks that this court reconsider its September 9, 2009, order denying plaintiff's motion to remand to the Administrative Law Judge ("ALJ"), denying plaintiff's motion to compel the Commissioner to reopen her 1997 application for disability insurance benefits ("DIB"), and granting defendant's motion to dismiss. The time for defendant to file a response to both motions has passed. In this posture, the issues raised are ripe for review. For the following reasons, the court denies plaintiff's motions to reconsider.

## STATEMENT OF THE CASE

The relevant facts of this case are set forth in this court's September 9, 2010, order. They are as follows:

> On February 27, 2009, plaintiff filed complaint in this court seeking judicial review of defendant's decision not to reopen her prior applications for disability benefits under Title II, 42 U.S.C. § 405(g) and Title XVI, 42 U.S.C. §1383(c)(3) of the Social Security Act ("the Act"). Plaintiff amended her complaint on June 5, 2009 "[t]o obtain full SSA [d]isability [r]etroactive to my 1997 application." (Am. Compl. 1.)
> Plaintiff's 1997 application for disability insurance benefits ("DIB") and

supplemental security income ("SSI") was denied initially and upon reconsideration. On February 25, 1998, plaintiff filed a request for reconsideration of both claims, which was denied. On February 10, 1999, an ALJ found that plaintiff was not disabled or entitled to DIB and was not eligible for SSI. The Appeals Council denied plaintiff's request for review on September 29, 2000.

Plaintiff did not seek judicial review of the Appeals Council's decision. She was notified that because she "failed to take advantage of the Administration's appeals process the decision made in February 1999 is considered closed and final and [the Administration] ha[s] no basis for reopening that claim." (See Ortiz Decl. Ex. 17 at 10.) Because "a timely appeal was not made in 1999 the prior decision that [plaintiff] w[as] not disabled beginning in November 1997 has to remain." (Id. at 11.)

Thereafter, plaintiff filed two more applications for disability, one in August 2000 and another on August 5, 2003. Plaintiff's 2003 application for DIB and SSI was denied initially and upon reconsideration. Defendant explained that plaintiff "[did] not qualify for benefits because this application concerns the same issues which were decided when an earlier claim was denied." (Ortiz Decl. Ex. 10 at 29.) Plaintiff requested an administrative hearing based on the denial of her SSI claim only. On January 27, 2006, the ALJ found that plaintiff had been disabled since August 5, 2003, and awarded her SSI benefits only. The ALJ also noted that the determination on plaintiff's prior DIB application would not be reopened or revised because "new and material evidence ha[d] not been submitted and the evidence that was considered in making the determination [did] not clearly show on its face that an error had been made." (Ortiz Decl. Ex. 15 at 1.) The ALJ further explained that the "determination of the prior [SSI] application has not been reopened because it was previously denied on the basis of res judicata and is therefore not reopenable [sic] in any event."(Id.) Plaintiff then filed a request for review, which the Appeals Council denied on September 8, 2006.

On March 16, 2006, plaintiff requested that her claim be reopened, which request was denied by letter dated October 5, 2007. The letter further informed plaintiff that her DIB application was denied at the administrative level on February 10, 1999, and that she had sixty (60) days from that date to appeal the determination. "Since [plaintiff] failed to take advantage of the appeals process, this decision made in February 1999 is considered closed and final and [defendant has] no basis for reopening that claim." (Ortiz Decl. Ex. 17 at 10.)

Citing an "error on the face of the initial 1997 denial," plaintiff submitted another request for review of the ALJ's January 2006 decision finding her disabled, but declining to reopen her claim for DIB. (Ortiz Decl. Ex. 17 at 15.) Plaintiff acknowledged that the January 2006 decision provided her with "partial SSI disability," but argued that it also should have provided her with benefits dating back to her initial 1997 application for benefits. (Ortiz Decl. Ex. 15 at 15.) The Appeals Council denied plaintiff's request for reopening the determination on February 24, 2009. The Appeals Council explained that the ALJ had already found there was no basis to reopen the February 10, 1999 decision finding that she was not disabled or

2

entitled to benefits. Plaintiff was informed that "[u]nder [the Social Security Administration's] rules, you do not have the right to court review of the [ALJ's] denial of your request for reopening." (Ortiz Decl. Ex 19 at 3.)

(Sep. 9, 2010, Order ¶¶ 2-4). On September 9, 2010, this court adopted United States Magistrate Judge Robert B. Jones, Jr.'s memorandum and recommendation ("M&R"), and overruled plaintiff's objections. The court denied plaintiff's motion to remand to the ALJ, and plaintiff's motion to compel, which asked the court to order defendants to pay plaintiff DIB retroactively to 1997. Specifically, this court found that it was without jurisdiction to reopen plaintiff's claim or consider whether initial denial of her 1997 DIB application was plain error.

On September 21, 2010, plaintiff filed what the court construes as a first motion to reconsider (DE # 49), in which she challenges this court's characterization of her September 17, 2009, letter as a motion to remand, and reiterates her request for the court to order the Social Security Administration ("SSA") to retroactively pay her DIB to 1997. In her motion, plaintiff also states that she did not consent to magistrate judge jurisdiction. On September 27, 2010, plaintiff filed a second motion to reconsider with this court (DE # 50), in which she requests that the court set aside its September 9, 2010, order and September 13, 2010, judgment, and remand her case to the Office of Hearings and Appeals in Falls Church, Virginia. The court will address each motion in turn.

## DISCUSSION

I. Standard of Review

Motions to reconsider a judgment are treated under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. Courts ordinarily examine a motion to reconsider under rule 59(e) if the motion is made within the required 28-day period. Both of plaintiff's motions to reconsider

3

were timely filed within 28 days of this court's September 13, 2010, judgment. See Fed. R. Civ. P. 59(e).

There are three circumstances in which a district court can grant a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (citing Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)). Mere disagreement with a court's judgment does not support a Rule 59(e) motion. Id.

II. First Motion to Reconsider

Plaintiff's first motion to reconsider challenges this court's characterization of her September 17, 2009, letter as a motion to remand. Plaintiff states that she did not ask for her case to be remanded; but rather asked for the court to order the SSA to approve her 1997 DIB application. Plaintiff's September 17, 2009, letter asked "whether there is a 'reasonable time' limit Judge Flanagan places on S.S.A. to find their transcript or rule in favor of my Motion for Summary Judgment." (Pl.'s Mot. Remand ¶ 1.) The court construed the letter as a motion to remand because of this court's July 13, 2009, order remanding plaintiff's case to the Commissioner of Social Security, directing that if the recorded transcript of the administrative hearing held September 9, 2005, could not be located within a reasonable time, the Appeals Council was to remand the case to an ALJ for a *de novo* hearing. Thus, plaintiff's September 17, 2009, letter was construed as a motion to remand because it suggested that the recorded transcript was not located. Upon review, this court finds no basis to reconsider its characterization of plaintiff's letter. Additionally, as previously discussed in the court's September 9, 2010, order, this court is without jurisdiction to

reopen plaintiff's DIB application or determine whether the 1997 denial of DIB was error.

Plaintiff also states that she did not consent to magistrate judge jurisdiction. The magistrate judge entered M&R which this court accepted, pursuant to 28 U.S.C. § 636(b)(1)(B), (C). A district court may "designate a magistrate judge to conduct hearings ... and to submit ... proposed findings of fact and recommendations," which the court may "accept, reject, or modify, in whole or in part ...." Id. The magistrate judge did not preside over plaintiff's case.

Accordingly, plaintiff has not alleged a change in law or fact or shown a clear error of law to merit reconsideration, and the first motion to reconsider is denied.

III. Second Motion to Reconsider

In the second motion to reconsider, plaintiff asserts that the court's September 9, 2010, order is not "clear" as to two physicians, "Dr. Ahmen and Dr. Johnson Draughton." (Pl.'s Second Mot. to Reconsider ¶ 1). This court's September 9, 2010, order referred to the two physicians as plaintiff referenced them in the motion to compel (See Pl.'s Mot. Compel Ex. A.) In the motion to compel, plaintiff referenced Dr. Ahmed as the "physician the SSA paid to examine Plaintiff." (Pl.'s Mot. Compel.) Plaintiff later submitted an evaluation taken by Dr. Johnson P. Draughton on November 17, 2005, to support her claim for benefits. Above Dr. Draughton's name and professional information, "Dr. Ahmed and" was handwritten. (See Pl.'s Mot. Compel Ex. A.)

Plaintiff's second motion to reconsider states that the two physicians are partners, and that "the SSA hired and paid their practice. So Defendant should be clear about the Pain Management opinion that I am totally disabled by Meniere's Disease and cannot work." (Id.) Plaintiff asks that the court remand her case to the Office of Hearings and Appeals in Falls Church, Virginia to correct the error.

5

The court does not find grounds to alter or amend its September 9, 2010, order denying plaintiff's motion to remand in light of the defendant's submission of the September 9, 2005, administrative transcript to the court and this court's grant of defendant's motion to dismiss. Accordingly, plaintiff's second motion to reconsider is DENIED.

## CONCLUSION

For the foregoing reasons, the court DENIES both of plaintiff's motions to reconsider (DE # 49, 50).

SO ORDERED, this the 10th day of November, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

6